Dear Mayor Smith:
Reference is made to your request for an opinion of this office regarding the Town of Arcadia's Budget. You advise that the Town Council has refused to pass a balanced budget for the year 2005. Apparently, Council members have amended the proposed budget to include funding for items not originally included therein. Specifically, at the suggestion of the Legislator Auditor, you seek our advice regarding what, if anything can be done to resolve this problem. Apparently, you are interested in determining if the Council can be compelled to adopt a balanced budget.
The Louisiana Local Government Budget Act, LSA-R.S. 39:130139:1315 mandates that "[t]he total of proposed expenditures shall not exceed the total of estimated funds available for the ensuing fiscal year." LSA-R.S. 39:1305(E). We also call your attention to LSA-R.S. 39:1309(2)(B), which provides that "[t]he adopted budget shall be balanced with approved expenditures not exceeding the total of estimated funds available."
An intentional violation of 39:1305(E) subjects a public official to the penalties imposed by LSA-R.S. 39:1315, which pertinently provides:
 "A. Except as provided in R.S. 39:1314,[1] any public official or officer that violates, either knowingly or intentionally, the provisions of R.S. 39:1305(E), either through the adoption of an original budget or through amendment to a legally adopted budget, shall be in violation of R.S. 14:134[2] and shall be subject to the penalties contained therein.
 B. Any person may commence a suit in a court of competent jurisdiction for the parish in which the political subdivision is domiciled for mandamus, injunctive, or declaratory relief to require compliance with the provisions of this chapter."
In accordance with the above, it is the opinion of this office that if the Town Council intentionally or knowingly violates the Louisiana Local Government Budget Act in refusing to adopt a balanced budget, its members can be compelled to comply with the provisions of the Local Government Budget Act by suit for mandamus, injunctive or declaratory relief and/or they can be charged criminally with malfeasance in office. LSA-R.S 39:1315.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
[1] 39:1314 states: "Nothing shall prohibit the expenditure of funds in cases of emergency. For purposes of this Section, "an emergency" means an unforeseen event bringing with it destruction or injury of life or property or the imminent threat of such destruction or injury."
[2] "Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve shall not relieve the public officer or employee of his lawful duty.
Whoever commits the crime of malfeasance in office shall be imprisoned for not more that five years with or without hard labor or shall be fined not more than five thousand dollars or both."